IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WEAVER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA,<br><br>    Defendant.<br>                                     / | No. C 03-1589 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

      On August 18, 2006, this Court granted plaintiffs' motion for summary judgment and denied defendant's motion for summary judgment. Applying the six factors set forth in *Cleveland v. City of Los Angeles*, 420 F.3d 981, 990 (9th Cir. 2005), the Court held that defendant had failed to meet its burden to demonstrate that the ambulance-assigned firefighters/paramedics had the requisite "responsibility" for fire suppression.

      On September 22, 2006, defendant sought leave to file a motion for reconsideration based upon an Opinion Letter issued on June 1, 2006 by the United States Department of Labor. In that opinion letter, the Department of Labor, Wage and Hour Division, found that certain dual function firefighter/paramedics have firefighting responsibilities, and thus qualify for the partial overtime exception under section 7(k) of the Fair Labor Standards Act. The Court granted defendant leave by order filed September 26, 2006. The parties have briefed the motion and submitted the matter to the Court without oral argument.

      Defendant contends that the Department of Labor's June 1, 2006 Opinion Letter constitutes a "material change" in the law, and also that the Opinion Letter raises new factual issues that require

further development. The Court disagrees. As an initial matter, the Court notes that the June 1, 2006 Opinion Letter is guidance, and is not binding on the Court. *See Christensen v. Harris Co.*, 529 U.S. 576, 587 (2000) (opinion letter entitled to "some respect" but not *Chevron* deference).

More importantly, the Opinion Letter does not change the law in any way, but rather applies the factors set forth in *Cleveland* to the facts presented in the request for the Opinion Letter – the same factors applied by this Court in its August 18, 2006 summary judgment order. Although defendant is correct that there are some factual similarities between this case and the situation described in the Opinion Letter, in the Court's view there are two critical differences. In reaching the conclusion that the dual function firefighter/paramedics were responsible for fire suppression, the Opinion Letter noted (1) "to the extent medical emergencies exist, and to utilize their paramedic training, they are expected to provide emergency medical services as their primary responsibility, but also *routinely perform fire suppression duties* alongside their firefighting colleagues when not needed for medical care"; and (2) "they are routinely ordered to perform fire suppression duties, to attend fire suppression training, and to present fire prevention awareness programs." Baumgartner Decl. Ex. A at 2 (emphasis added). Here, as discussed in the August 18, 2006 order, defendant has failed to submit evidence that the ambulance-assigned firefighter/paramedics were "routinely ordered to perform fire suppression duties."

Defendant also contends that the Opinion Letter raises new factual issues that were not developed in the parties' summary judgment briefing. Specifically, defendant contends that the City should be allowed to submit evidence regarding (1) the frequency with which H3s serve as Incident Commanders; (2) the frequency and pattern with which H3s rotate between assignments; and (3) "details concerning the actual time spent by any firefighter in fire suppression duties." The Court finds that all of this evidence could have been submitted in conjunction with the City's motion for summary judgment. As discussed above, the Opinion Letter did not change the law, and thus to the extent the evidence defendant wishes to introduce was relevant,[1] it was always relevant and defendant should have submitted

---

[1] Defendant again argues that the Court should not have limited its analysis to only those shifts when H3s are assigned to ambulances. However, as the Court stated in the August 18, 2006 order, defendant's position is inconsistent with the Ninth Circuit's holding in *Cleveland.*

United States District Court
For the Northern District of California

that evidence earlier. The fact that defendant would like to adopt a different approach after its unsuccessful motion for summary judgment is not a basis for granting reconsideration. Finally, the Court notes that defendant's current position is at odds with its explicit statement at the summary judgment hearing that the factual record was sufficient for the purpose of deciding the instant motions. *See* August 18, 2006 Order at 4:1-3.

Accordingly, for the foregoing reasons the Court DENIES defendant's motion for reconsideration. (Docket No. 168).

**IT IS SO ORDERED.**

Dated: December 19, 2006

SUSAN ILLSTON
United States District Judge

3